IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.                                               Civ. No. 07-950 MV/RHS
                                               Crim. No. 03-2063 MV

BRIAN KEITH TONY,

       Defendant/Movant.

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Defendant/Movant Brian Tony's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), filed September 21, 2007 **[Doc. No. 1]**.  The Court has now considered the Motion together with the Response **[Doc. No. 6]** thereto as well as Mr. Tony's Reply **[Doc. No. 9]** and all of the pleadings on file in the above-captioned cause and hereby respectfully recommends that Mr. Tony's Motion be denied and this civil proceeding be dismissed.

### *Background*

1.  On December 8, 2004, Mr. Tony was tried before a jury and convicted of two counts of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 2 and one count of Aggravated Burglary, contrary to § 30-16-4 NMSA 1978 , in violation of 18 U.S.C. §§ 1153, 13 and § 30-16-4 NMSA (1978).  (See Jury Instructions at 12, 13 **[Cr. Doc. No. 36]**; Verdict **[Cr. Doc. No. 37]**).  On September 27, 2005, Judge Vazquez sentenced Mr. Tony to a term of imprisonment of 130 months.  (See Sentencing Minute Sheet **[Cr. Doc. No. 89]**; Judgment in a Criminal Case at 3 **[Cr. Doc. No. 90]**).

-1-

2.  On September 29, 2005, Mr. Tony appealed his convictions "challenging the sufficiency of the evidence and the district court's refusal to declare a mistrial."  United States v. Tony, 195 Fed.Appx. 789, 790, 2006 WL 2686818, at **1 (10th Cir. Sep. 20, 2006) (unpublished).  The Tenth Circuit affirmed Mr. Tony's convictions on September 20, 2006.  See id..  On September 21, 2007, Mr. Tony filed his Motion in this Court.  The matter was referred to the undersigned United States Magistrate Judge on June 3, 2009.  (See **[Doc. No. 12]**).

*Discussion*

3.  Mr. Tony raises the following claims of error in his Motion: (A) President Truman's violation of the presentment clause deprived the trial court of jurisdiction over his criminal case (validity of Title 18); (B) the trial court lacked subject matter jurisdiction because the alleged offense did not occur in Indian Country; and (C) the trial court committed double jeopardy by prosecuting Mr. Tony after he was tried for the same offenses in tribal court.  (See Brief in Support of Motion ("Brief") at 1, filed Sep. 21, 2007 **[Doc. No. 2]**).

4.  The Government argues that Mr. Tony "is procedurally barred from raising these issues in a § 2255 motion, as he did not do so at trial or on direct appeal."  (Response at unnumbered page 2-3 (citations omitted)).  However, the argument that Mr. Tony's claims are procedurally barred does not apply to those claims challenging the subject matter jurisdiction of the trial court.  See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (citations omitted) (noting that "jurisdictional issues are never waived and can be raised on collateral attack").  Thus, while Mr. Tony's claim of double jeopardy may be subject to procedural bar, the Court must evaluate Mr. Tony's jurisdictional claims on their merits.

*Claim C - Double Jeopardy*

5.  As previously noted, Mr. Tony's claim that he was placed in double jeopardy is subject to procedural bar.  Moreover, the mere oversight of this issue by counsel does not establish "cause" for Mr. Tony's failure to raise this issue on direct appeal.  See United States v. Olson, 976 F.2d 740, 1992 WL 230267, at *1 (10th Cir. Sept. 16, 1992) (unpublished disposition).  Finally, Mr. Tony's contention that he was placed in double jeopardy when he was prosecuted in federal district court after being tried for the same offenses in tribal court lacks merit.  See United States v. Lara, 541 U.S. 193, 210 (2004) (finding that an Indian defendant was not placed in double jeopardy when the federal government prosecuted him on a federal offense, following the tribe's prosecution of the same defendant on a similar tribal offense).  Accordingly, the Court recommends that this claim of error be dismissed.

*Claim A - Validity of Title 18*

6.  Mr. Tony's contention that 18 U.S.C. § 3231[1] was not validly enacted is meritless. See  United States v. Armijo, 314 Fed.Appx. 113, 114, 2008 WL 5062178, at **1 (10th Cir. Dec. 2, 2008) (unpublished) (citing United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006)). Such claims "have uniformly been rejected." Cheatham-Bey v. United States Dep't of Justice, 2008 WL 4951034 (D.Kan. Nov. 18, 2008) (slip copy) (citing Risquet, 426 F.Supp.2d at 311; Cardenas-Celestino v. United States, 552 F.Supp.2d 962, 966-67 (W.D.Mo. 2008)). Accordingly, the Court recommends that Mr. Tony's claim of error on this basis be dismissed.

*Claim B - Indian Country*

---

[1]Section 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

-3-

7.  Mr. Tony contends that the trial court lacked subject matter jurisdiction because "the situs of the alleged offenses . . . is not 'Indian Country' as defined by 18 U.S.C. § 1151 . . . ." (Brief at 19).  "Congress has defined Indian country broadly to include formal and informal reservations, dependent Indian communities, and Indian allotments, whether restricted or held in trust by the United States."  Oklahoma Tax Commission v. Sac and Fox Nation, 508 U.S. 114, 123 (1993) (citing § 1151).[2]  The parties agree that at trial, the Government relied on various documents to establish the location of the alleged offenses as: Tsayatoh, New Mexico, GPS coordinates N 35°30.94', W 108°55.21', Bureau of Indian Affairs Land Management District 16, Navajo Indian Country, Individual Indian Allotment #024023.  (See Exs. S, attached to Brief; Exs. [unlabeled], attached to Response).

8.  Mr. Tony does not dispute the location or description of the land identified as the site of the alleged offenses.  Rather, Mr. Tony claims that the issuance of certain Executive Orders ("EOs") "essentially made the situs where Mr. Tony allegedly committed his offenses . . . non-reservation land, nor Indian Country."  (Brief at 21-22).  However, the EOs to which he refers, EO 1000, issued by President Theodore Roosevelt on December 30, 1908 and EO 1284, issued by President William Taft on January 16, 1911, "restored to the public domain" certain "*unallotted* lands" or "lands *not allotted* to Indians."  EOs 1000, 1284 (emphasis added).  Thus, the EOs did not apply to lands that were allotted, such as that identified in this case as an "Individual Indian *Allotment*."  (See Exs. S, attached to Brief (emphasis added); Exs.

---

[2]Section 1151 identifies "Indian Country" as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . (b) all dependent Indian communities within the borders of the United States . . . and (c) all Indian allotments, the Indian titles to which have not been extinguished . . . ."

[unlabeled], attached to Response (emphasis added)).  Accordingly, the Court recommends that Mr. Tony's claim of error on this basis be dismissed.

*Recommendation*

For the reasons set forth above, the undersigned respectfully recommends that Mr. Tony's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody  **[Doc. No. 1]** be denied and this civil proceeding be dismissed with prejudice.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE